1
2
3                          UNITED STATES DISTRICT COURT
4                        NORTHERN DISTRICT OF CALIFORNIA
5

6    PATRICK J. TOBIN,                          Case No.  13-cv-01504-MEJ
                     Plaintiff,
7                                               **ORDER RE: MOTION FOR LEAVE TO**
                                                **FILE AMENDED COMPLAINT**
8            v.
                                                Re: Dkt. No. 45
9    CITY & COUNTY OF SAN FRANCISCO
     POLICE DEPARTMENT, et al.,
10                   Defendants.

11

12                                **INTRODUCTION**

13           Plaintiff Patrick J. Tobin ("Plaintiff"), a retired San Francisco Police Department officer,

14   brings claims under 42 U.S.C. § 1983 and California Government Code sections 3300-3311

15   against Defendants City & County of San Francisco Police Department, Police Chief Gregory P.

16   Suhr, and Officers James Dudley, John Murphy, and Kevin Cashman (collectively "Defendants").

17   Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint pursuant to

18   Federal Rule of Civil Procedure 15(a).  Dkt. No. 45.  Defendants oppose the Motion.  Dkt. No. 46.

19   The Court previously found this matter suitable for disposition without oral argument and vacated

20   the March 12, 2015 hearing.  *See* Dkt. No. 55.  Having considered the parties' positions, relevant

21   legal authority, and the record in this case, the Court **GRANTS IN PART and DENIES IN**

22   **PART** Plaintiff's Motion for the reasons set forth below.

23                                **BACKGROUND**

24           The following allegations are taken from Plaintiff's First Amended Complaint ("FAC").

25   Dkt. No. 1, Ex. B.  Plaintiff is the former Director of San Francisco's Safe Paths of Travel

26   ("SPOT") program, which regulated construction work on San Francisco streets.  *Id.* ¶¶ 3, 26.

27   Under Plaintiff's directorship, construction companies received sharp increases in fines,

28   assessments, and penalties.  *Id.* ¶ 26.  Plaintiff alleges that former Chief of Police Heather Fong

United States District Court
Northern District of California

received pressure from construction companies to limit Plaintiff's exercise of authority as Director of SPOT, and she subsequently barred Plaintiff from enforcing the SPOT program. *Id.* ¶¶ 29-30. Plaintiff subsequently informed local authorities of this prohibition, believing that "[he] was now ordered to violate the Constitution, and he was no longer allowed to protect those most in need." *Id.* ¶ 30.

Plaintiff alleges that Defendants retaliated against him for his complaints to local authorities. *Id.* ¶¶ 18-19. Specifically, Plaintiff alleges that Defendant Cashman removed Plaintiff from SPOT and cut his overtime in half. *Id.* ¶ 18. Plaintiff also claims Defendants Cashman and Murphy singled him out by denying him a higher salary under San Francisco's Like Work, Like Pay program ("LWLP"), a program that paid lower-ranking officers the rate of pay of a higher-ranking officer if the lower-ranking officer performed a higher-ranking officer's duties. *Id.* ¶¶ 32, 34-35. As to the LWLP program, Plaintiff alleges injury because he performed the work of Lieutenant while holding the rank of Sergeant. *Id.* ¶¶ 3, 32, 34-35. Plaintiff further alleges Defendants fostered and condoned a work environment of favoritism and nepotism, violating his Constitutional rights. *Id.* ¶¶ 15, 21

On June 28, 2011, Plaintiff filed his initial Complaint in San Francisco Superior Court, asserting two causes of action: (1) violation of California Government Code section 3304(a), which prohibits punitive action based on lawful exercise of the rights belonging to a police officer; and (2) discrimination based on opposition to unlawful employment practices under 42 U.S.C. § 1983. Dkt. No. 1, Ex. A. On December 20, 2012, Plaintiff filed his FAC in Superior Court, adding Defendants Dudley and Suhr as parties, additional factual allegations, and a third cause of action, also under 42 U.S.C. § 1983, for exercising a qualified right under the First Amendment to speak on matters of public concern. Dkt. No. 1, Ex. B.

On April 3, 2013, Defendants removed the matter to this Court. Dkt. No. 1. On January 8, 2015, Plaintiff filed the present Motion for Leave to File a Second Amended Complaint ("SAC"), seeking to (1) add three claims: whistleblower retaliation under California Labor Code section 1102.5(b), retaliation for opposing illegal practices under California Labor Code 1102.5(c), and negligent infliction of emotional distress ("NIED"); (2) include additional factual allegations for

2

his previously asserted claims based on new information he learned since filing his FAC; and (3)

consolidate his 42 U.S.C. § 1983 claims into a single cause of action.  Plaintiff argues that since he

filed his FAC, he has obtained new counsel, developed new legal theories, and discovered

additional information necessitating the filing of a SAC.  *Id.*

Defendants oppose Plaintiff's Motion, arguing that the new causes of action fail to state

claims as a matter of law.[1]  Opp'n at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15 provides that a party may amend its pleading

once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the

earlier of service of a responsive pleading or service of a Rule 12(b) motion.  Fed. R. Civ. P.

15(a)(1).  Outside of this timeframe, "a party may amend its pleading only with the opposing

party's written consent or the court's leave," though the court "should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Although the rule should be interpreted with

'extreme liberality,' leave to amend is not to be granted automatically."  *Jackson v. Bank of*

*Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad

faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5)

whether plaintiff has previously amended his complaint."  *In re Western States Wholesale Nat.*

*Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911

F.2d 367, 373 (9th Cir. 1990)).  "Prejudice to the opposing party is the most important factor."

*Jackson*, 902 F.2d at 1387.

## DISCUSSION

As to four of the five factors (bad faith, undue delay, prejudice to the opposing party, and

---

[1] As part of their Opposition, Defendants request that the Court take judicial notice of two
documents: (1) Joe Eskenazi, *Building Overtime (Off-duty police officers making time and half are
swarming over construction sites, handing out tickets.  Only in S.F.)*, SF Weekly, Oct. 8, 2008,
http://www.sfweekly.com/sanfrancisco/building-overtime/Content?oid=2169570; and (2) a letter
from Heather Fong, Chief of Police, SFPD, to Patrick Tobin, Sergeant, SFPD (May 11,
2009).  Dkt. No. 46-1.  As the Court does not rely on any of the materials for which judicial notice
is sought, it therefore DENIES Defendants' request WITHOUT PREJUDICE.

United States District Court
Northern District of California

United States District Court
Northern District of California

previous amendments), Defendants provide no opposition on any of these grounds.  Further, the

Court finds no evidence of bad faith, there has been no undue delay as Plaintiff filed the present

motion by the Court's deadline for seeking leave to amend pleadings (*see* Case Management

Order, Dkt. No. 43), there is no risk of prejudice to Defendants as discovery remains open and the

case is in the early stages of litigation, and this is the first time Plaintiff has sought leave to amend.

Accordingly, the Court focuses its analysis on the sole disputed issue, i.e., whether Plaintiff's

proposed amendments are futile.

**A.      Legal Standard**

"A motion for leave to amend may be denied if it appears to be futile or legally

insufficient.  However, a proposed amendment is futile only if no set of facts can be proved under

the amendment to the pleadings that would constitute a valid and sufficient claim[.]"  *Miller v.*

*Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  The standard to be

applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6).

*Id.*

To satisfy the 12(b)(6) pleading standard, a plaintiff must plead his claim with sufficient

specificity to "give the defendant fair notice of what the claim is and the grounds upon which it

rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009) (citation and internal marks omitted).

Defendants argue that leave to amend would be futile because Plaintiff's proposed causes

of action fail as a matter of law.  Opp'n at 1-2.

**B.      Proposed California Labor Code Section 1102.5(b) Claim**

Plaintiff's SAC alleges that Defendants violated California Labor Code section 1102.5(b)

because he reported the City's violations of multiple state and federal laws, including standards

promulgated by California's Occupational Safety and Health Administration ("Cal OSHA"), the

California Manual on Uniform Traffic Control Devices, the California Vehicle Code, and the

4

United States District Court
Northern District of California

1  California Code of Regulations.  SAC ¶¶ 40, 42.  Plaintiff alleges that between 2006 and 2009, he

2  reported the City's unlawful practices "to the California District Attorneys' Association

3  (Environmental Crimes and Work Zone Death Division), Civil Service Commissioner Morgan

4  Gorrono, [San Francisco Municipal Transportation Agency] leadership, the Mayor's Office of

5  Disability, the Board of Supervisors, the Department of Public Works (DPW), and all of his

6  supervisors at Company K including Captain Corrales, Captain Casciato, Captain O'Leary, and

7  Lieutenant Calonico."  *Id.* ¶ 19.  Plaintiff also alleges that between 2009 and his retirement in

8  2013, he "complained to the following individuals and entities about the unlawful demotion and

9  Stay Away Order: Traffic Engineers with the SFMTA, every Police Captain in the Traffic

10  Division, Lieutenant Nicole Greely, the Civil Service Commission, the [San Francisco Police

11  Officers Association], DPW, the Chief Medical Examiner at the SF Coroner's Office, the Office

12  of Traffic Safety, the Peace Officer Standards and Training (POST) Agency, the [California

13  Department of Transportation] disability committee, the City Attorney's Office and the [California

14  District Attorneys Association], and Cal OSHA."  *Id.* ¶ 42.

15       In their Opposition, Defendants argue that leave to amend to add a claim under section

16  1102.5(b) would be futile because Plaintiff fails to allege a required element of this claim,

17  specifically, that Plaintiff reported a violation of a state or federal law or regulation.  Opp'n at 5-6.

18  Instead, Defendants maintain that Plaintiff alleges only that he reported "the City's unsafe

19  practices."  *Id.* at 6.  Defendants also argue that Plaintiff cannot meet the requirements of section

20  1102.5(b) because he alleges that he disclosed violations of local law, rather than a state or federal

21  law or regulation.  *Id.* at 5-7.

22       In his Reply, Plaintiff argues that he satisfies the requirements of section 1102.5(b)

23  because he alleges that he reported the City's unlawful practices and unlawful demotion and Stay

24  Away Order to government agencies including the California District Attorneys Association, Civil

25  Service Commissioner Morgan Gorrono, Traffic Engineers with the SFMTA, every Police Captain

26  in the Traffic Division, and the Office of Traffic Safety.  Reply at 5, Dkt. No. 53.  Plaintiff further

27  argues that his disclosure of Defendants' failure to enforce SPOT falls within section 1102.5(b)

28  because the California Legislature recently amended this statute to include disclosure of local laws

United States District Court
Northern District of California

1   in addition to disclosure of state or federal laws.  *Id.* at 6-7.  Plaintiff argues that, although he "has

2   not listed each and every code section that the City violated each time it created or condoned an

3   unsafe work zone, Plaintiff has more than satisfied the notice pleading requirements of [Rule]

4   8(a)."  *Id.* at 2.

5          Section 1102.5 is a "whistleblower" protection statute.  *Ferretti v. Pfizer, Inc.*, 2012 WL

6   3638541, at *5 (N.D. Cal. Aug. 22, 2012).  The purpose of the statute is to "encourag[e]

7   workplace whistle-blowers to report unlawful acts without fearing retaliation."  *Green v. Ralee*

8   *Eng'g Co.*, 19 Cal. 4th 66, 77 (1998).

9          As a preliminary matter, although the California Legislature amended section 1102.5(b) in

10  2014 to include violations of local rules and regulations, *see* Cal. Civ. Code § 1102.5(b), this

11  amendment does not apply retroactively.  It is a "well-established presumption [that] statutes

12  apply prospectively in the absence of a clearly expressed contrary intent . . . ."  *Californians for*

13  *Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 230 (2006).  This presumption applies to the

14  California Labor Code.  *Aetna Cas. & Surety Co. v. Ind. Acc. Com.*, 30 Cal. 2d 388, 395 (1947).

15  Therefore, as Plaintiff's allegations all occurred before 2014, the Court finds that the recent

16  amendment incorporating disclosure of violations of local laws does not apply to this case.  *See*

17  *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1344 (2014) (applying version of section

18  1102.5 relevant to time period of allegations in that case).

19         During the time period relevant to this case, California Labor Code section 1102.5(b)

20  provided: "An employer may not retaliate against an employee for disclosing information to a

21  government or law enforcement agency, where the employee has reasonable cause to believe that

22  the information discloses a violation of state or federal statute, or a violation or noncompliance

23  with a state or federal rule or regulation."  To establish a prima facie case under section 1102.5(b),

24  a plaintiff must show (1) that he engaged in a protected activity, (2) that his employer subjected

25  him to an adverse employment action, and (3) that there is a causal link between the two.  *Mokler*

26  *v. Cnty. of Orange*, 157 Cal. App. 4th 121, 138 (2007).

27         As to the substance of Plaintiff's proposed section 1102.5(b) cause of action, the Court

28  finds that he has stated a claim that would entitle him to relief.  While not a model of clarity,

Plaintiff alleges that between 2006 and 2009, he disclosed the City's alleged unlawful practice of failing to comply with several laws and regulations. SAC ¶¶ 19, 42. Further, Plaintiff alleges Defendant Cashman subjected him to adverse employment actions as a result of these disclosures by cutting Plaintiff's SPOT overtime allotment in half and then later removing him from his post as SPOT director. *Id.* ¶¶ 21, 31. Plaintiff also alleges that Command Staff instructed Plaintiff's supervisor to deny his LWLP request while at the same time regularly approving numerous requests from other officers, including those within his company. *Id.* ¶¶ 52-54. Additionally, Plaintiff alleges a causal link between his disclosures and adverse actions because his cut in SPOT overtime allotment came two days after he disclosed Defendants' unlawful practices and also because Defendants singularly denied him LWLP while the rest of his department continued to receive it. *Id.* ¶¶ 21, 53. These allegations, when viewed in a light most favorable to Plaintiff, can establish a plausible claim under section 1102.5(b).

Although Plaintiff may not ultimately prevail on this cause of action, at this point in the proceedings, the Court finds he has stated a claim that is plausible on its face. Accordingly, leave to amend would not be futile. That said, Plaintiff is advised that he cannot generally allege that a violation of state or federal law occurred; rather, he must specify the law, rule, or regulation that supports his claim. Plaintiff's proposed SAC lacks this clarity.

## C.   Proposed California Labor Code Section 1102.5(c) Claim

In his SAC, Plaintiff alleges that Defendants violated California Labor Code section 1102.5(c) by retaliating against him after he refused to further Defendants' alleged illegal policies. SAC ¶¶ 72-78. In support of this claim, Plaintiff alleges he refused to: (1) look the other way when contractors and construction workers maintained unsafe work zones; (2) ignore city workers committing safety violations in construction zones: and (3) prohibit SPOT enforcement. *Id.* ¶¶ 12, 18, 36, 73. Plaintiff also alleges that Defendants retaliated against him by removing him as Director of SPOT, subjecting him to increased scrutiny, making disparaging comments about him to his supervisors, and refusing to investigate or address Plaintiff's complaints. *Id.* ¶ 74.

In their Opposition, Defendants argue generally that Plaintiff fails to meet all required elements of a section 1102.5(c) claim. Opp'n at 7-8. However, Defendants' argument focuses

1   primarily on section 1102.5(b) and does not provide any specific authority for finding Plaintiff's

2   section 1102.5(c) claim futile.

3         Section 1102.5(c) provides: "An employer may not retaliate against an employee for

4   refusing to participate in an activity that would result in a violation of state or federal statute, or a

5   violation or noncompliance with a state or federal rule or regulation." Cal. Lab. Code § 1102.5(c).

6   "In enacting the statute, the California Legislature intended 'to protect employees who refuse to

7   act at the direction of their employer or refuse to participate in activities of an employer that would

8   result in a violation of law.'" *Casissa v. First Rep. Bank*, 2012 WL 3020193, at *9 (N.D. Cal. July

9   24, 2012) (quoting Act of Sep. 22, 2003, ch. 484, § 1, 2003 Cal. Legis. Serv. 484). As with

10   section 1102.5(b), to establish a prima facie case under section 1102.5(c), a plaintiff must offer

11   proof that: (1) he engaged in a protected activity, (2) the defendant subjected him to adverse

12   employment actions; and (3) that there is a causal link between the two. *Mokler*, 157 Cal. App.

13   4th at 138.

14         Having reviewed Plaintiff's proposed section 1102.5(c) cause of action, the Court finds

15   that he has failed to state a claim that would entitle him to relief. Although Plaintiff alleges that he

16   reported Defendants' failure to enforce the SPOT program, he does not allege that he refused to

17   participate in an activity that would violate the law. Rather, he merely asserts that he complained

18   about Defendants' practices and questioned whether they were legal. Without more, Plaintiff's

19   bare assertion that he refused to further Defendants' "illegal policies" does not place him within

20   the class of persons that section 1102.5(c) is designed to protect. *See Fernandes v. TW Telecom*

21   *Holdings Inc.*, 2013 WL 6583970, at *1, 3-4 (E.D. Cal. Dec. 16, 2013) (dismissing section

22   1102.5(c) claim where plaintiff "refus[ed] to ignore" safety and compliance violations, finding that

23   this allegation "do[es] not evince" a refusal to participate in an illegal activity); *Weingard v.*

24   *Harland Fin. Solutions, Inc.*, 2012 WL 3537035, at *3-4 (N.D. Cal. Aug. 14, 2012) (finding

25   plaintiff's motion to add a section 1102.5(c) claim futile because plaintiff "merely assert[ed] that

26   he complained about Defendant's practices and questioned whether they were legal to his own

27   human resources department," whereas section 1102.5(c) requires a plaintiff to "refuse[] to do

28   anything that would violate the law"); *Turner v. City & Cnty. of San Francisco*, 2012 WL

United States District Court
Northern District of California

6631490, at *11 (N.D. Cal. Dec. 19, 2012) (dismissing section 1102.5(c) claim with prejudice because plaintiff's complaints regarding unlawful activity did not constitute refusal to take part in unlawful activity); *Lewis v. City & Cnty. of San Francisco*, 2012 WL 2367877, at *3 (N.D. Cal. June 21, 2012) (dismissing section 1102.5(c) claim where plaintiff complained that the defendant released his image to the public, in violation of the Police Officers' Bill of Rights, finding that a complaint does not constitute refusal to participate in an illegal activity); *cf. Ferretti*, 2012 WL 694513, at *1, 7-8 (denying dismissal of a section 1102.5(c) claim where plaintiff indicated that she would not conduct Phase III of her employer's product studies and requested a transfer).

While the Court accepts Plaintiff's allegations that Defendants "looked the other way" and failed to enforce construction rules or violations as true, Plaintiff has not demonstrated that he refused to participate in illegal activities.  Defendants' removal of Plaintiff from the SPOT program does not demonstrate Plaintiff's refusal to participate in illegal activity, nor does Plaintiff's assertion that he refused to ignore activities he alleges to be unlawful.  *Fernandes*, 2013 WL 6583970, at *4.  Accordingly, leave to amend to add a section 1102.5(c) claim would be futile.

**D.      Proposed NIED Claim**

Plaintiff also seeks to add a NIED claim, alleging that Defendants breached their duty of care to not engage in conduct which could cause Plaintiff discomfort, anxiety, humiliation, and severe emotional distress.  SAC ¶¶ 94-96.  Plaintiff further alleges that Defendants should have known their unlawful practices would likely result in serious emotional harm, anguish, and distress.  *Id.* ¶¶ 95, 97.

In their Opposition, Defendants argue that leave to add a NIED claim would be futile because Plaintiff fails to allege that Defendants owed him a duty of care as a matter of law.  Opp'n at 7-8.  Defendants further argue that even if they did owe him a duty, Plaintiff fails to allege that this duty was breached.  *Id.* at 8.

In Reply, Plaintiff argues that Defendants owed a duty, derived from police officers' obligation to exercise due care, so as not to create an unreasonable risk of injury to others.  Reply at 8.  Plaintiff explains that this duty, if proven, would establish Defendants' conduct caused

1   Plaintiff discomfort, anxiety, humiliation and serious emotional distress. *Id.* Further, Plaintiff

2   responds that he need not establish that Defendants owed him a duty of care; instead, he need only

3   plead facts that, if proven, would establish serious emotional distress. *Id.*

4         Under California law, both physical and emotional injuries sustained in the course of

5   employment are preempted by the state workers' compensation scheme and generally will not

6   support an independent cause of action. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d

7   148, 160 (1987). Emotional injuries caused by workplace discipline fall within this rule. *Id.*;

8   *Shoemaker v. Myers*, 52 Cal. 3d 1, 7 (1990). In *Cole*, the California Supreme Court held that

> when the misconduct attributed to the employer is actions which are
> a normal part of the employment relationship, such as demotions,
> promotions, criticism of work practices, and frictions in negotiations
> as to grievances, an employee suffering emotional distress causing
> disability may not avoid the exclusive remedy provisions of the
> Labor Code by characterizing the employer's decisions as
> manifestly unfair, outrageous, harassment, or intended to cause
> emotional disturbance resulting in disability.

14   *Cole*, 43 Cal. 3d at 160. Such claims for infliction of emotional distress are preempted by the state

15   workers' compensation scheme even where the emotional distress did not result in any physical

16   injury or compensable disability. *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 747 (1992).

17         The California Supreme Court has recognized that there are exceptions to the preemption

18   rule for "conduct that 'contravenes fundamental public policy'. . . [and] conduct that 'exceeds the

19   risks inherent in the employment relationship.'" *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th

20   876, 902 (2008) (citing *Livitsanos*, 2 Cal. 4th at 754). In *Miklosy*, the Court clarified that the first

21   "exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a

22   *Tameny* action to proceed despite the workers' compensation exclusive remedy rule."[2] *Id.* at 902-

23   03. With respect to the second exception, the Court rejected the argument that whistleblower

---

[2]   In *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980), the California Supreme Court
stated: "[W]hen an employer's discharge of an employee violates fundamental principles of public
policy, the discharged employee may maintain a tort action and recover damages traditionally
available in such actions." Later, in *Gantt v. Sentry Insurance*, the Court clarified that a *Tameny*
cause of action must be "carefully tethered to fundamental policies that are delineated in
constitutional or statutory provisions." 1 Cal. 4th 1083, 1095 (1992). Plaintiff does not seek leave
to allege a *Tameny* cause of action.

United States District Court
Northern District of California

1  retaliation is not a risk inherent in the employment relationship. *Id.* at 903 (citing *Shoemaker*, 52

2  Cal. 3d at 9). The Court held that the alleged wrongful conduct "occurred at the worksite, in the

3  normal course of the employer-employee relationship," and that worker's compensation was thus

4  the exclusive remedy for a claim despite incorporating allegations of whistleblower retaliation. *Id.*

5  at 902; *see also Ferretti*, 2012 WL 3638541, *11-12 (plaintiff's claim that she suffered severe

6  emotional distress after she was "subjected to harassment, retaliation, threats, and termination for

7  reporting what she in good faith believed to be unlawful and unethical conduct by Defendant" did

8  not qualify under either exception to the preemption rule).

9         Here, Plaintiff's allegations concern Defendants' alleged misconduct in the course of

10  handling his workplace grievances, including discipline and retaliation. As all of the alleged

11  misconduct arose in the context of his employment relationship, Plaintiff's claims fall squarely

12  within the kind of conduct that *Cole*, *Shoemaker*, and *Miklosy* found to be preempted by the

13  worker's compensation scheme. Accordingly, leave to amend to add an NIED claim would be

14  futile.

15                                    **CONCLUSION**

16         Based on the analysis above, the Court hereby **GRANTS IN PART** and **DENIES IN**

17  **PART** Plaintiff's Motion for Leave to File Amended Complaint. Plaintiff's Motion is

18  **GRANTED** as to his claim under California Labor Code section 1102.5(b). However, Plaintiff is

19  advised that he cannot generally allege that some violation occurred; rather, he must specify the

20  law, rule, or regulation that supports his claim. Plaintiff's Motion is **DENIED** as to his section

21  1102.5(c) and Negligent Infliction of Emotional Distress claims, as amendment to add these

22  claims would be futile.

23         Plaintiff shall e-file a revised second amended complaint by May 5, 2015. No chambers

24  copy is required. Plaintiff is reminded that the deadline to seek leave to amend pleadings has

25  passed, and therefore no further claims may be added to his amended complaint.

26         **IT IS SO ORDERED.**

27  Dated: April 24, 2015

28                                    _____
                                      MARIA-ELENA JAMES
                                      United States Magistrate Judge

United States District Court
Northern District of California