UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK J. TOBIN,

          Plaintiff,

   v.

CITY & COUNTY OF SAN FRANCISCO, et al.,

          Defendants.

Case No.  13-cv-01504-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 60

## INTRODUCTION

Plaintiff Patrick J. Tobin, a retired San Francisco Police Department officer, brings this retaliation case against Defendants City & County of San Francisco (the "City"), Police Chief Gregory P. Suhr, and Officers James Dudley, John Murphy, and Kevin Cashman (collectively "Defendants").  In his Second Amended Complaint ("SAC"), Plaintiff alleges three causes of action: (1) whistleblower retaliation under Cal. Lab. Code § 1102.5(b); (2) unlawful punitive action under the California Peace Officers' Bill of Rights ("POBRA"), Cal. Gov't Code §§ 3300-11; and (3) retaliation under 42 U.S.C. § 1983.  Dkt. No. 59.  Pending before the Court is Defendants' Motion to Dismiss the section 1102.5(b) claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  Dkt. No. 60.  Defendants argue that Plaintiff's section 1102.5(b) claim fails as a matter of law because Plaintiff failed to exhaust his administrative remedies prior to bringing this cause of action.  Plaintiff has filed an Opposition (Dkt. No. 63), and Defendants filed a Reply (Dkt. No. 65).  The Court finds this matter suitable for disposition without oral argument and VACATES the June 25, 2015 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendants' Motion for the reasons set forth below.

United States District Court
Northern District of California

United States District Court
Northern District of California

# BACKGROUND

## A.      Factual Background

Plaintiff is a former Sergeant-Inspector with the San Francisco Police Department ("SFPD").  SAC ¶ 8.  Between 2002 and 2009, he was the Director of San Francisco's Safe Paths of Travel ("SPOT") program, through which police officers received overtime to monitor construction sites in San Francisco to identify and prevent unsafe work practices and encroachments into the public right of way in temporary work zones.  *Id.* ¶¶ 10, 14.  Plaintiff alleges that, prior becoming the Director of the SPOT program, the City had a "long-standing policy of looking the other way when contractors and city workers maintained unsafe work zones."  *Id.* ¶ 13.  Under Plaintiff's directorship, construction companies received sharp increases in fines, assessments, and penalties.  *Id.* ¶ 12.  Between 2006 and 2009, Plaintiff alleges he also disclosed the City's alleged unlawful practices to several entities and individuals: "California District Attorneys' Association (Environmental Crimes and Work Zone Death Division), Civil Service Commissioner Morgan Gorrono, SFMTA leadership, the Mayor's Office of Disability, the Board of Supervisors, the Department of Public Works (DPW), and all of his supervisors at Company K including Captain Corrales, Captain Casciato, Captain O'Leary, and Lieutenant Calonico."  *Id.* ¶¶ 21-22.

During Plaintiff's tenure as Director, the City received a large number of complaints from city workers and contractors who were outraged by the large fines and frequent citations associated with the SPOT program.  *Id.* ¶ 14.  Plaintiff alleges that these various persons and entities began to complain about the program and lobbied and campaigned for his removal.  *Id.* ¶¶ 14-19, 29-30.  Plaintiff subsequently met with SFPD Deputy Chief Cashman, Captain Corrales, and Lieutenant Greeley, where he criticized the City's alleged "non-enforcement" policies and "virtual total ignorance" of federal, state, and local laws applicable to construction sites.  *Id.* ¶ 32.

In response to his reports of these practices, Plaintiff alleges the City retaliated against him.  *Id.* ¶ 23.  Plaintiff alleges that Defendant Cashman cut his overtime in half, Plaintiff's supervisor took away the police car that he used after hours for SPOT enforcement, SFPD halted all SPOT program enforcement for up to three weeks at a time, the City issued a "stay away order"

designed to stop Plaintiff from enforcing the SPOT program, individuals made disparaging remarks about Plaintiff to his direct supervisors, and former Chief of Police Heather Fong ultimately removed him from his post as SPOT Director.  *Id.* ¶¶ 24-41.

Plaintiff also alleges that Defendants singled him out by denying him a higher salary under San Francisco's Like Work, Like Pay program ("LWLP"), through which lower-ranking officers received the rate of pay of a higher-ranking officer if the lower-ranking officer performed a higher-ranking officer's duties.  *Id.* ¶¶ 48-53.  Plaintiff contends that the City should have compensated him under this program because he performed the work of Lieutenant while holding the rank of Sergeant.  *Id.* ¶ 49.

**B.     Procedural Background**

On June 28, 2011, Plaintiff filed his initial Complaint in San Francisco Superior Court, asserting two causes of action: (1) violation of California Government Code section 3304(a), which prohibits punitive action based on lawful exercise of the rights belonging to a police officer; and (2) discrimination based on opposition to unlawful employment practices under 42 U.S.C. § 1983.  Dkt. No. 1, Ex. A.  On December 20, 2012, Plaintiff filed a First Amended Complaint in Superior Court, adding a third cause of action, also under 42 U.S.C. § 1983, for exercising a qualified right under the First Amendment to speak on matters of public concern.  Dkt. No. 1, Ex. B.

On April 3, 2013, Defendants removed the matter to this Court.  Dkt. No. 1.  On January 8, 2015, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, seeking to (1) add three claims: whistleblower retaliation under California Labor Code section 1102.5(b), retaliation for opposing illegal practices under California Labor Code section 1102.5(c), and Negligent Infliction of Emotional Distress; (2) include additional factual allegations for his previously asserted claims based on new information he learned since filing his First Amended Complaint; and (3) consolidate his 42 U.S.C. § 1983 claims into a single cause of action.  Dkt. No. 45.  The Court granted Plaintiff's Motion as to his claim under California Labor Code section 1102.5(b).  *See* Order Re: Motion for Leave to File Amended Complaint at 11, Dkt. No. 58.  However, the Court advised Plaintiff that he could not generally allege that some violation of state or federal law

United States District Court
Northern District of California

1  occurred; rather, he must specify the law, rule, or regulation that supports his claim. *Id.* The

2  Court denied Plaintiff's Motion as to his section 1102.5(c) and Negligent Infliction of Emotional

3  Distress claims, finding that amendment to add these claims would be futile. *Id.*

4       Plaintiff filed his SAC on May 6, 2015.  Defendants filed the present Motion to Dismiss on

5  May 20, 2015.

6  **LEGAL STANDARD**

7       Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

8  on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion

9  challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief

10  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial

11  plausibility standard is not a "probability requirement" but mandates "more than a sheer

12  possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

13  (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the

14  court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the

15  light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

16  F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal

17  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v.*

18  *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations

19  omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a

20  court to dismiss a claim on the basis of a dispositive issue of law.").

21       Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only

22  required to make "a short and plain statement of the claim showing that the pleader is entitled to

23  relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

24  a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

25  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

26  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652

27  F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply

28  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts

4

to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Defendants move to dismiss Plaintiff's section 1102.5(b) cause of action on two grounds. First, Defendants contend that this claim must be dismissed because Plaintiff has not exhausted his administrative remedies. Mot. at 1. Second, Defendants argue that the SAC does not specify which federal or state statute, rule or regulation Plaintiff alleges Defendants violated and which he reported to the City or to another law enforcement agency. *Id.*

**A.       Administrative Exhaustion**

Section 1102.5 is a "whistleblower" protection statute. *Ferretti v. Pfizer, Inc.*, 855 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012). The purpose of the statute is to "encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 77 (1998). Section 98.7 of the California Labor Code provides in turn: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." Cal. Lab. Code § 98.7(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In *Campbell v. Regents of the University of California*, the California Supreme Court

2 reiterated the rule "that where an administrative remedy is provided by statute, relief must be

3 sought from the administrative body and this remedy exhausted before the courts will act."  35

4 Cal. 4th 311, 321 (2005) (internal quotation marks and citation omitted).  "In *Campbell*, the

5 California Supreme Court held that even though § 1102.5 is silent as to any requirement for

6 administrative exhaustion, 'the past 60 years of California law on administrative remedies'

7 nevertheless compelled the conclusion that a person bringing a claim under the section *is* subject

8 to the exhaustion requirement." *Reynolds v. City & Cnty. of San Francisco*, 2011 WL 4808423, at

9 *1 (N.D. Cal. Oct. 11, 2011) (quoting *Campbell*, 35 Cal. 4th at 329;emphasis in original), *rev'd in

10 part*, 576 F. App'x 698 (9th Cir. 2014).  Thus, because section 98.7 provides an administrative

11 remedy for a violation of section 1102.5, previous courts have held that a plaintiff was required to

12 exhaust that remedy before filing a section 1102.5 claim in federal court.  *See Ferretti v. Pfizer

13 Inc.*, 855 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012); *Dolis v. Bleum USA, Inc.*, 2011 WL 4501979,

14 at *2 (N.D. Cal. Sep. 28, 2011).

15    However, effective January 1, 2014, the California Legislature passed two new laws

16 amending the Labor Code's statutory scheme and effectively overruling *Campbell*.  First, the

17 Legislature amended California Labor Code section 98.7 to add subsection (g), which provides,

18 "In the enforcement of this section, there is no requirement that an individual exhaust

19 administrative remedies or procedures."  Cal. Lab. Code § 98.7(g).  The Legislature also enacted

20 Labor Code section 244, which provides that, "An individual is not required to exhaust

21 administrative remedies or procedures in order to bring a civil action under any provision of this

22 code, unless that section under which the action is brought expressly requires exhaustion of an

23 administrative remedy."  Cal. Lab. Code § 244(a).

24    Defendants do not dispute that, as to any plaintiff filing suit for violation of section 1102.5

25 based on events on or after January 1, 2014, he no longer needs to exhaust his administrative

26 remedies before the Labor Commissioner prior to filing suit.  Mot. at 8.  However, they argue that,

27 in general, statutes operate only prospectively.  *Id.* (citing *Myers v. Philip Morris Cos., Inc.*, 28

28 Cal. 4th 828, 840 (2002); *Gallup v. Superior Court*, 235 Cal. App. 4th 682, 689 (2015); *McClung*

United States District Court
Northern District of California

1  *v. Emp't Dev. Dep't*, 24 Cal. 4th 467 (2004)).  Defendants maintain that "[s]tatutes operate

2  prospectively only unless that they contain an express retroactivity provision or 'it is "very clear"

3  the Legislature intended the statute to operate retroactively.'"  *Id.* (quoting *Gallup*, 235 Cal. App.

4  4th at 689).

5        In response, Plaintiff argues that the presumption against retrospective construction does

6  not apply to statutes relating merely to remedies and modes of procedure.  Opp'n at 9.  Thus,

7  because no new legal consequences attach to the City's pre-2014 conduct, retrospective

8  application is not improper.  *Id.* (citing *Tapia v. Superior Court*, 53 Cal. 3d 282, 288 (1991)).

9        Under California law, assessing the applicability of a legislative amendment is a two-step

10  process.  *Reynolds*, 576 F. App'x at 701.  The Court must consider: "(1) whether the amendment

11  changes or merely clarifies existing law and, if the former, (2) whether that change applies

12  retroactively."  *Id.* (citing *McClung v. Emp't Dev. Dep't*, 34 Cal. 4th 467 (2004)).  In *Reynolds*, the

13  Ninth Circuit found that the legislative amendments to section 1102.5 relieve a plaintiff of the

14  duty to exhaust before bringing a claim because "they clarify instead of change existing law."  *Id.*

15  The Ninth Circuit noted that *Campbell* "spoke broadly about the general exhaustion requirement,"

16  but "it did not specifically address the procedures described in California Labor Code § 98.7."  *Id.*

17  (citation omitted).  Thus, "because *Campbell* did not 'finally and definitively interpret[ ]' whether

18  exhaustion under § 98.7 is a prerequisite to litigating claims under § 1102.5, the amendments did

19  not 'overrule . . . the judicial function' of interpreting the law."  *Id.* (alterations in original)

20  (quoting *McClung*, 34 Cal. 4th at 473).  The Ninth Circuit also found persuasive "the fact that SB

21  666, the bill which enacted § 244, described the bill as 'clarif[ying] that an employee or job

22  applicant is not required to exhaust administrative remedies or procedures in order to bring a civil

23  action under any provision of the Labor Code, unless the provision under which the action is

24  brought expressly requires exhaustion of an administrative remedy.'"  *Id.*

25        Thus, as section 1102.5 contains no exhaustion requirement, the Court holds that

26  California Labor Code sections 98.7(g) and 244(a) apply retroactively to Plaintiff's claim and

27  finds that he was not required to exhaust administrative remedies before filing suit.  *See Reynolds*,

28  576 F. App'x at 701; *Howard v. Contra Costa Cnty.*, 2014 WL 824218, at *17 (N.D. Cal. Feb. 28,

2014); *Melgar v. CSK Auto, Inc.*, 2014 WL 546915, at *4 (N.D. Cal. Feb. 7, 2014). Defendants'

Motion to Dismiss on this basis is therefore **DENIED**.

## B.    Failure to State a Claim

As to the substance of Plaintiff's proposed section 1102.5(b) cause of action, the Court

previously found that he stated a claim that would entitle him to relief. Order at 6. As noted

above, however, the Court advised Plaintiff "that he cannot generally allege that a violation of

state or federal law occurred; rather, he must specify the law, rule, or regulation that supports his

claim." *Id.* at 7.

Defendants argue that "[w]hile it is true that Plaintiff lists, willy-nilly, several California

Vehicle Code sections and other statutes and regulations in Paragraph 22 of his SAC, a careful

review of this paragraph shows that Plaintiff does not allege that he reported to the City or another

law enforcement agency that the City violated any of these Vehicle Code sections and/or other

statutes or regulations." Mot. at 11-12. In response, Plaintiff argues that the list is necessary

because "[s]o numerous and varied were the violations that Plaintiff maintained several binders of

photographs and code citations," and he "was in the process of establishing a computer database

for memorializing illegality when he was terminated from his SPOT director position." Opp'n at

14. He also argues that he properly alleged that he reported specific, illegal acts by the City, and

that the City retaliated against him because of those reports. *Id.* at 18.

During the time period relevant to this case,[1] California Labor Code section 1102.5(b)

provided: "An employer may not retaliate against an employee for disclosing information to a

government or law enforcement agency, where the employee has reasonable cause to believe that

the information discloses a violation of state or federal statute, or a violation or noncompliance

---

[1] As the Court noted in its previous Order, the California Legislature amended section 1102.5(b) in 2014 to include violations of local rules and regulations, but this substantive amendment does not apply retroactively. Order at 6. It is a "well-established presumption [that] statutes apply prospectively in the absence of a clearly expressed contrary intent . . . ." *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 230 (2006). This presumption applies to the California Labor Code. *Aetna Cas. & Sur. Co. v. Indus. Accident Comm'n.*, 30 Cal. 2d 388, 395 (1947). Therefore, as Plaintiff's allegations all occurred before 2014, the recent amendment incorporating disclosure of violations of local laws does not apply to this case. Order at 6 (citing *Ferrick v. Santa Clara Univ.*, 231 Cal. App. 4th 1337, 1344 (2014)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   with a state or federal rule or regulation." To establish a prima facie case under section 1102.5(b),

2   a plaintiff must show (1) that he engaged in a protected activity, (2) that his employer subjected

3   him to an adverse employment action, and (3) that there is a causal link between the two. *Mokler*

4   *v. Cnty. of Orange*, 157 Cal. App. 4th 121, 138 (2007).

5          A review of Plaintiff's SAC shows that he alleges the City violated numerous state and

6   federal laws. Specifically, Plaintiff alleges he disclosed violations of: multiple sections of the

7   California Vehicle Code; construction industry standards established by the California Department

8   of Industrial Relations' Division of Occupational Safety and Health; Chapter 6 of the California

9   Manual on Uniform Traffic Control Devices, Title II of the Americans with Disabilities Act, 42

10   U.S.C. §§ 12101-213; several provisions of the California Code of Regulations; the California

11   Government Code; the California Public Utilities Commission General Orders; the federal wire

12   fraud statute, 18 U.S.C. § 1343; and POBRA. SAC ¶¶ 22, 40, 45.

13          Defendants argue that an examination of the laws cited by Plaintiff show that he cannot

14   allege the City violated the provisions or that he reported such a violation. Mot. at 12. Defendants

15   provide no authority in support of this argument and fail to establish that the City could not violate

16   these provisions as a matter of law. Instead, Defendants appear to request that the Court make a

17   factual determination that the City did not violate any of the cited laws. However, under the

18   liberal pleading standard of Rule 8(a)(2), Plaintiff is only required to make a short and plain

19   statement of the claim showing that he is entitled to relief. While Plaintiff may not ultimately

20   prevail on his section 11102.5(b) claim, he has properly alleged violations of state or federal

21   statutes, or a violation or noncompliance with a state or federal rule or regulation.[2]

22          Plaintiff further alleges that he disclosed the City's purportedly unlawful practices to the

23   following entities and individuals: "California District Attorneys' Association (Environmental

24   _____

25   [2] Defendants argue that Plaintiff's section 1102.5(b) based on Chief Fong's stay away order must
    fail because it concerns an internal personnel matter that is not considered whistleblowing. Mot.

26   at 13. However, the cases Defendants cite—*Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal.
    App. 4th 1378, 1384 (2005); *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922,

27   934 (2007); *Mueller v. Cnty. of Los Angeles*, 176 Cal. App. 4th 809, 822 (2009)examined this
    issue at the summary judgment stage or later. These cases do not establish as a matter of law that

28   an employment decision can never be actionable under section 1102.5(b), and the Court therefore
    finds it premature to engage in such an analysis here.

Crimes and Work Zone Death Division), Civil Service Commissioner Morgan Gorrono, SFMTA leadership, the Mayor's Office of Disability, the Board of Supervisors, the Department of Public Works (DPW), and all of his supervisors at Company K including Captain Corrales, Captain Casciato, Captain O'Leary, and Lieutenant Calonico."  SAC ¶ 21.

Finally, Plaintiff alleges that the City retaliated against him for those reports by cutting his overtime in half (*id.* ¶ 24), removing him from his position as SPOT Director (*id.* ¶ 36), issuing a "stay away order" designed to stop Plaintiff from enforcing the SPOT program (*id.* ¶ 41), launching investigations into Plaintiff's activities (*id.* ¶¶ 46-47), refusing to pay him the LWLP compensation that similarly situated employees received (*id.* ¶ 53), and formally disciplining him without justification (*id.* ¶ 64).

Given these allegations, the Court finds that Plaintiff has stated a claim under section 1102.5(b) that is plausible on its face.  Accordingly, Defendants' Motion to Dismiss on this basis is also **DENIED**.

## CONCLUSION

Based on the analysis above, the Court hereby **DENIES** Defendants' Motion to Dismiss. **IT IS SO ORDERED.**

Dated: June 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

10