UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. TOBIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY & COUNTY OF SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-01504-MEJ<br><br>**ORDER VACATING HEARING; DENYING MOTION FOR RECONSIDERATION**<br><br>Dkt. No. 116 |

## INTRODUCTION

Pending before the Court is Plaintiff Patrick Tobin's ("Plaintiff") Motion for Reconsideration of the Order and Judgment pursuant to Federal Rule of Civil Procedure 60 (the "Rule 60 Motion"). *See* Mot., Dkt. No. 116. Defendant City and County of San Francisco ("Defendant") filed an Opposition (Dkt. No. 118); Plaintiff did not file a Reply.

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby **VACATES** the December 15, 2016 hearing in this matter. For the reasons stated below, the Court **DENIES** Plaintiff's Rule 60 Motion.

## DISCUSSION

The Court granted Defendant's Motion for Summary Judgment on October 4, 2016, and entered judgment for Defendant and against Plaintiff on the same day. *See* Order, Dkt. No. 113; J., Dkt. No. 114. Plaintiff filed the Rule 60 Motion on November 2, 2016, 29 days after the Court entered judgment. *See* Mot. Plaintiff also appealed the Court's Judgment, including but not limited to all interlocutory orders, on November 3, 2016. Not. of Appeal, Dkt. No. 117.

"The filing of a notice of appeal generally divests the district court of jurisdiction over the

matters appealed." *Davis v. U.S.*, 667 F.2d 822, 824 (9th Cir. 1982); *see also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 1987042, at *1 (N.D. Cal. June 4, 2012) ("The general rule is that once a notice of appeal is filed it confers jurisdiction on the court of appeals and divests the district court of jurisdiction with respect to matters involved with the appeal." (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982)). A limited exception allows district courts to exercise jurisdiction to decide a Rule 60 Motion *if* the motion is filed within 28 days after the judgment is entered. *See* Fed. R. App. P. 4(a)(4)(B)(i); *see also ConocoPhillips Co. v. Milestone Pac. Props., LLC*, 2010 WL 4608223, at *1 (N.D. Cal. Nov. 3, 2010) ("[U]nder Federal Rule of Appellate Procedure 4(a)(4)(B) (i), a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed *no later than twenty-eight days after judgment is entered.*") (emphasis in original)).

Because Plaintiff did not file the Rule 60 Motion within 28 days after this Court entered judgment, the Rule 60 Motion was not "pending" under Fed. R. App. P. 4(a)(B)(i) when Plaintiff filed his notice of appeal. The Court accordingly was divested of jurisdiction on November 3, 2016 and therefore must deny the Motion as untimely. *See ConocoPhillips Co.*, 2010 WL 4608223, at *1 (where defendants filed both Rule 60 motion for reconsideration and notice of appeal 30 days after judgment entered, court denied Rule 60 motion as untimely because filing of notice of appeal divested court of jurisdiction).

**IT IS SO ORDERED.**

Dated: November 28, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge